UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ATILA BAYAT,<br><br>                Plaintiff,<br><br>vs.<br><br>ACCENTURE CORPORATION LLC,<br><br>                Defendant. | CIVIL ACTION<br>NO. 3:18-CV-01602-VAB<br><br><br>December 7, 2018 |

## 26(F) REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed: September 24, 2018
Date Complaint Served: October 10, 2018
Date of Defendant's Appearance: October 23, 2018

      Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, Defendant Accenture LLP (incorrectly named as Accenture Corporation LLC) ("Accenture"), by and through its undersigned counsel, Winston & Strawn LLP, submits this report on behalf of Accenture. Plaintiff Atila Bayat has not made himself available for a meet and confer regarding this report in advance of the deadline to file the report.

      Accenture's counsel requested a meet and confer with Bayat regarding this report through emails and voicemails, but Bayat declined to participate. Specifically, Accenture's counsel first left a voicemail for Bayat and sent him an email on October 19, 2018, requesting a call to discuss this action. Bayat did not return counsel's call or email. Accenture's counsel next wrote to Bayat on November 15 and on November 26, requesting a call to meet and confer regarding this report. Bayat responded on November 27, by email suggesting a call on November 30. Accenture's counsel confirmed a call with Bayat for November 30, but Bayat emailed counsel on that date stating that "an appointment would go over today," and requested a call the following Monday or Tuesday at 4:00 p.m. Accenture's counsel confirmed a call for

4:00 p.m. on December 3. On that date, however, Bayat did not answer counsel's call, and did not respond to two subsequent emails and a voicemail from counsel regarding this report until the December 7 deadline to file. On December 7, Bayat wrote to Accenture's counsel, stating that he would be available to speak later in the afternoon. Bayat's offer to speak on the date of the filing deadline would not permit Accenture's counsel sufficient time to prepare a joint report in advance of the deadline.

## I. Certification

Undersigned counsel certifies that (a) he has discussed with Accenture the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) Accenture has developed the following proposed case management plan.

Counsel further certifies that he has forwarded a copy of this report to his client.

## II. Jurisdiction

### A. Subject Matter Jurisdiction

Subject matter jurisdiction is appropriate in this action pursuant to 28 U.S.C. § 1331 as each of Bayat's claims arise under federal statutes.

### B. Personal Jurisdiction

Personal jurisdiction is not contested.

## III. Brief Description of the Case

This is an employment discrimination case brought by Bayat against Accenture. Bayat was employed with Accenture from February 2015 until September 2016 as a Functional Testing Lead in the Technology group in Accenture's Hartford, Connecticut office. His job responsibilities varied by project, but he was generally responsible for designing, developing and delivering innovative technology solutions. Bayat's employment with Accenture was terminated

by Accenture in September 2016. Thereafter, Bayat filed a complaint with the Connecticut Commission on Human Rights & Opportunities, which was dismissed as untimely. Bayat subsequently filed a charge with the Equal Opportunity Employment Commission, which was later dismissed. His complaint in this Court followed.

### A. Claims of Plaintiff

Bayat, a white male who claims to have been born in the United States, claims that Accenture discriminated against him based on his race, national origin, and age during the course of his employment and when the company terminated his employment. Bayat further alleges that Accenture retaliated against him due to prior complaints about discrimination.

### B. Defenses and Claims of Defendants

Accenture categorically denies that the company discriminated against Bayat on the basis of his race, national origin, age, or any other protected basis, and denies that it retaliated against him for allegedly complaining about discrimination. Contrary to Bayat's allegations, his employment was terminated for his long-term failure to become staffed on a chargeable project, in accordance with Accenture's practice and guidelines. Bayat's race, national origin and age played no role whatsoever in the decision to terminate him (or any other decision during his employment). Moreover, Bayat's retaliation claim fails because he made no complaint of discrimination prior to being informed of his termination. Thereafter, Accenture exercised reasonable care to investigate his allegations, but did not find them to be substantiated.

To the extent that Bayat may try to assert claims previously presented to the Connecticut Commission on Human Rights & Opportunities, such claims are barred because they were not filed within the applicable statute of limitations and administrative filing periods.

### C. Defenses and Claims of Third Party Defendants

There are no third party defendants in this action.

IV.     **Statement of Undisputed Facts**

Counsel certifies that he has made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are not disputed by Accenture, and Accenture believes that Bayat would not dispute the following facts: Accenture LLP is an Illinois limited liability partnership and has offices in multiple locations, including One Financial Plaza, Hartford, Connecticut. Bayat is a white male who was employed by Accenture LLP from February 2015 until September 2016. Julianne Castellani, Senior Manager and Operations Lead – Testing, was Bayat's hiring manager and his direct supervisor. Castellani and Diana Joseph, Location Field Human Resources, informed Bayat on September 7, 2016, that he would be separated in one week unless he found another role with the company. During this meeting, Bayat complained to Accenture personnel regarding perceived employment discrimination at Accenture.

Bayat filed a complaint with the Connecticut Commission on Human Rights & Opportunities, which was dismissed as untimely. Bayat subsequently filed a charge with the Equal Opportunity Employment Commission, which was later dismissed.

V.      **Case Management Plan**

   A.   **Initial Disclosures**

Initial disclosures will be served by December 21, 2018, and document production will commence on a rolling basis on or before December 21, 2018, to be promptly completed within a reasonable time.

   B.   **Scheduling Conference**

        1.    Accenture does not request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

4

2. Accenture prefers that a scheduling conference, if held, be conducted by telephone.

C. **Early Settlement Conference**

1. Accenture certifies that it has considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. Accenture does not request an early settlement conference.

3. Accenture prefers a settlement conference, when such a conference is held, with the presiding judge.

4. Accenture does not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

D. **Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings**

1. Pursuant to the Court's September 24, 2018 Order on Pretrial Deadlines, amended pleadings were due by November 23, 2018. Motions filed after the foregoing date will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

E. **Discovery**

a) Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, Accenture considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, Accenture wishes to apprise the Court of the following information regarding the "needs of the case": This is a single-plaintiff employment

discrimination and retaliation case. Some of the relevant documents will be in the form of electronically stored information that Accenture is working to collect. Accenture proposes to provide such documents to Bayat promptly and on a rolling basis.

      b)      Accenture anticipates that discovery will be needed on the following subjects:

      (1)      The terms and conditions of Bayat's employment with Accenture.

      (2)      Bayat's efforts to be staffed on projects while employed by Accenture.

      (3)      Bayat's complaints regarding alleged discrimination and Accenture's responses to any such complaints.

      (4)      The grounds for Accenture's termination of Bayat's employment.

      (5)      Bayat's claimed damages.

      (6)      Bayat's efforts to mitigate any such damages.

      c)      All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. 26(b)(4), will be commenced by December 21, 2018 and completed (not propounded) by March 26, 2019.

      d)      Discovery will not be conducted in phases.

      e)      If discovery will be conducted in phases, describe each phase and state the date by which it will be completed by.

(1) A Post-Discovery Telephonic Status Conference will be held on April 26, 2019.

f) Accenture anticipates that it will require a total of 3 depositions of fact witnesses. The depositions will commence by March 1, 2019, and be completed by March 26, 2019.

g) Accenture will not request permission to serve more than 25 interrogatories.

h) Accenture does not intend to call expert witnesses at trial.

i) As to reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which it bears the burden of proof, Accenture does not intend to call expert witnesses at trial.

j) As to reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which it does not bear the burden of proof, Accenture does not intend to call expert witnesses at trial.

k) A damages analysis will be provided by any party who has a claim or counterclaim for damages by February 28, 2019.

l) Undersigned counsel has discussed with Accenture the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. Undersigned counsel has also consulted with Accenture concerning computer-based and other electronic information management

systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved. Accenture will agree to the following procedures for the preservation, disclosure and management of electronically stored information: Accenture will produce ESI in PDF format, except Excel and PowerPoint documents, which will be provided in native format.

      m) Undersigned counsel has also discussed with Accenture the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. Accenture will agree to the following procedures for the preservation, disclosure and management of such information: Accenture will produce paper documents in PDF format.

      n) Undersigned counsel has discussed with Accenture discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. Accenture will agree to the following procedures for asserting claims of privilege after production: Accenture will comply with the Federal Rules of Civil Procedure.

    **F.**    **Other Scheduling Issues**

Accenture proposes the following schedule for addressing other issues pertinent to this case: None.

    **G.**    **Summary Judgment Motions**

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before April 30, 2019.

**H.     Joint Trial Memorandum**

If dispositive motions are filed, the Joint Trial Memorandum shall be filed within thirty days of the Court's ruling on any such motions. If no dispositive motions are filed, the Joint Trial Memorandum shall be filed within forty-five days of the close of discovery.

**VI.    Trial Readiness**

If dispositive motions are filed, the case shall be ready for trial within thirty days of the filing of the Joint Trial Memorandum. If no dispositive motions are filed, the case shall be ready for trial within forty-five days of the filing of the Joint Trial Memorandum.

As an officer of the Court, undersigned counsel agrees to cooperate with Bayat and the Court to promote the just, speedy and inexpensive determination of this action.

Dated: December 7, 2018                                    DEFENDANT ACCENTURE LLP

                                              By:    */s/ B. Aubrey Smith*
                                                     B. Aubrey Smith (admitted *pro hac vice*)
                                                     WINSTON & STRAWN LLP
                                                     200 Park Avenue
                                                     New York, New York 10166
                                                     Tel: (212) 294-4758
                                                     Fax: (212) 294-4700
                                                     BASmith@winston.com

                                                     Its Attorneys

Daniel J. Fazio (admitted *pro hac vice*)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Tel: (312) 558-5600
Fax: (312) 558-5700
DFazio@winston.com

Joshua A. Hawks-Ladds (ct09446)
Pullman & Comley, LLC
90 State House Square
Hartford, CT 06103
Telephone: (860) 424-4300
Facsimile: (860) 424-4370
E-mail: jhawks-ladds@pullcom.com

10