UNITED STATES DISCTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

FILED
2019 APR 29 P 3: 06
US DISTRICT COURT
BRIDGEPORT C.T CT

| | |
|---|---|
| ATILA BAYAT, <br><br> Plaintiff, <br><br> vs. <br><br> ACCENTURE CORPORATION LLC, <br><br> Defendant | Case No.: 3:18-CV-01602 (VAB) <br><br> **PLAINTIFF'S MOTION FOR ENTRY OF AN ORDER COMPELLING COMPLIANCE WITH PLAINTIFF'S DISCOVERY REQUESTS** |

Plaintiff, Atila Bayat, hereby moves for entry of an order pursuant to Federal Rule of Civil Procedure 37(a) compelling Defendant Accenture Corporation LLC. ("Accenture" or "Defendant") to respond fully to Plaintiff's Requests for Production of Documents.

As detailed in the supporting Memorandum, Defendant has steadfastly refused to produce: **(1)** documents and information in reply to Part 1 of Initial Disclosures dated between February 27, 2015 and the present; **(2)** documents and information in reply to Part 2 of Initial Disclosures dated between February 27, 2015 and the present.

To date, Counsel for Accenture; Winston & Strawn LLC, Pullman & Conley LLC, have provided a small fraction of documents and information responsive to Bayat's requests, which are not responsive to the explicitly defined requests in two packets of Initial Disclosure requests, of January 23, 2019 (Part 1), and February 25, 2019 (Part 2). None of these requests have been furnished by Accenture.

Accenture, via its counsel, has made no assurance to supply this, and they have objected to supplying any single item of my Disclosure requests, Nos. 1-10 from Part 1, and Nos. 1-3 from Part 2, nor did they respond in any meaningful way to the majority of Bayat's disclosure requests. Bayat is severely prejudiced by Accenture and its counsel's failure to cooperate in

discovery because Accenture (a "digital" company) has exclusive control of almost all of the information on which Plaintiff Bayat's claims depend.

In denying Bayat's right to obtain Discovery documents to prove his claims, Accenture and its counsel, are prohibiting the Plaintiff from establishing the reasons for his segregation and discharge from Accenture, and Accenture's employment decision making process on September 7, 2016.

Plaintiff moves for an order directing Defendant to fully and completely respond to Plaintiff's written discovery within 15 days of entry of this order.

On December 2018, the Court entered an order setting a discovery schedule, with fact discovery to be completed by July 12, 2019. Accenture, with the agreement of its Counsel, have refused to supply the requests to Initial Discovery for each round of Discovery, and refused to explain in detail the grounds for their objections (with nothing more than objections).

Winston & Strawn attorneys for Defendant sent by email its response to Bayat's document requests and produced approximately a few hundred pages of emails, and some correspondence applicable to the Plaintiff, in a national context. They have excluded all of the specific materials requested, which are unambiguous and direct, and have global implication, as Accenture is a global company, and the context and interaction with staff is International in nature. Accenture, through its counsel, asserted categorical objections to each and every discovery request, claimed its responses were complete, and indicated *in writing* that it will provide the documents requested in Discovery by the Plaintiff. Accenture and its counsel refuse to produce the responsive records to my requests, *to any of my requests.*

The Plaintiff determined that this matter is beyond deficiencies in Accenture's response, due to a categorical refusal to comply with Federal rules of discovery procedure, without

PLAINTIFF'S MOTION FOR ENTRY OF AN ORDER COMPELLING COMPLIANCE WITH PLAINTIFF'S DISCOVERY REQUESTS - 2

providing detail to supplement its responses. A deficiency letter was emailed and served upon Accenture on February 13, 2019, and further demand was made on a direct tele-conference call in March, and Attorneys for Accenture have responded only with objections.

As detailed in this supporting Memorandum, Defendant has improperly and steadfastly refused to produce: (1) documents and information between February 27, 2015 and the present; (2) documents and information concerning all of the business activities requested related to Accenture policies, processes, and the actions it took in discharging the plaintiff; (3) information on key Accenture personnel that Plaintiff seeks to depose.

Plaintiff moves for an order directing Defendant Accenture and its subsidiaries to fully and completely respond to Plaintiff's written discovery within 15 days of entry of the order.

### Statement of Compliance with Fed. R. Civ. P. 37

Pursuant to Fed. R. Civ. P. 37(d), Plaintiff conferred with Defendant's counsel by telephone on April 9, 2019, and in emails prior to the telephone call, respectively, in an effort to secure the discovery without court action. The parties were unable to reach an agreement.

WHEREFORE, Plaintiff requests entry of an order:

1. Directing Defendant Accenture to:

   (A) Produce all documents and information withheld by Accenture and its counsel, responsive to each of Plaintiff's requests for Documents (All contents and Nos. 1 through 54 of Initial Disclosure of January 23, 2019, and all contents of Initial Disclosure Part 2 of February 25, 2019).

   (B) Produce the responses to Plaintiff's written discovery within 15 days of entry of the order.

2. Directing Winston and Strawn, LLP and Pullman and Conley LLP, Defendant's counsel, and Accenture. to produce, within 15 days of entry of the order, all documents withheld, responsive to each of Plaintiff's requests for Documents (in 1 A above) already served;

3. Granting such other relief to which this court finds Plaintiff is entitled. Dated this 26th day of April, 2019.

*Plaintiff brings this action against Defendant Accenture, and its counsel, to compel compliance with the court calendar in the production of replies to its Discovery requests. As grounds therefor, Plaintiff alleges as follow:*

## PARTIES

1. Plaintiff, Atila Bayat, seeks to promote transparency, accountability, and integrity in the legal process as it relates to this case. Plaintiff's requests for documents are directly related to the context of the actions of the defendant in its discrimination of the Plaintiff.

2. Defendant Accenture is a multinational corporation that does the majority of its business in the USA with a predominantly foreign workforce. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

3. On January 23, 2019, Plaintiff submitted the first part of a Discovery request to Defendant Accenture, via its counsel at Winston & Strawn and Pullman & Conley, seeking access to:

   a. Copies of any talking points related to or regarding the discharge of Atila Bayat from Accenture

PLAINTIFF'S MOTION FOR ENTRY OF AN ORDER COMPELLING COMPLIANCE WITH PLAINTIFF'S DISCOVERY REQUESTS - 4

    b. Any and all records and communications (telephonic, text, instant messaging and email on Accenture systems) regarding, or relating to actions of Accenture personnel in the discharge of Atila Bayat from Accenture

4. On February 25, 2019, Plaintiff submitted the second part of a Discovery request to Defendant Accenture.

5. On March 20, 2019, Defendant acknowledged receipt by email of Plaintiff's request.

6. On March 27, 2019, Defendant supplied a link to their digital storage systems, to access partial email contents.

7. Pursuant to USA 36(a)(b), the Defendant was required to determine whether to comply with Plaintiff's request within a reasonable timeframe, within twenty (20) working days after its receipt of request, and to notify Plaintiff immediately of its determination. Defendant's determination exceeded that in excess of 2 months.

8. As of the date of this complaint, the Defendant has failed to: (i) supply the response to each of the legal requests and a timeline for their production and completion, and (ii) produce the requested records, or otherwise, demonstrate that the records are exempt from production.

9. In lieu of producing the Discovery responses requested, the Defendant Accenture and its legal representation, have willfully and obstructively declined all (each and every particular) requests that the Plaintiff has supplied to them. The Defendant has intentionally and willfully defied the rules of Discovery in this Federal District Court of the USA, matter of the complaint of September 26, 2018.

10. The company that hired me, Defendant Accenture, is a "Digital" company, an Advanced Technology company with advanced Data services, Database and Data Analytics services

and capabilities, many of these services based on its acquisition of US companies with US patents.

11. This company Accenture has clear metrics of who they hire, who they employ, and who they discharge (especially the US citizens like myself that they discharge), and what and who they report that to, such as government agencies, Department of Labor (DOL) the Securities and Exchange Commission (SEC), and the Department of Justice (DOJ). They know the profitable patterns in the businesses and personnel they acquire. They also know the patterns that lead to the discharge of US workers like myself, as I am member of that group too, and my position was advertised externally to all workers globally for a lower salary than I was receiving. My role (The position I was hired into) was on the public market (an externally facing system - the public) for a lower salary than I was receiving while I was employed at Accenture.

12. This is a company (Accenture) that measures its statistics, when it discharges US personnel like me, and every other US citizen. These acts of discharge are not announced publicly; it is done with great discretion, and impersonal, so that you will not have to say a word. I was told by my supervisor and senior manager Julianne Castellani that I did not have to speak or say anything about being discharged from my employment. I was told by my Accenture Talent Fulfillment Specialist (TFS) Rokia Wagner with more than 100 attendees in a conference call that "You will never find out why you did not get selected on a project."

13. I understand why Accenture and its counsel will refuse to supply these facts, and the answer is plain. The knowledge of this Accenture Human Resources practice may

endanger the reputation of Accenture, that is, if this company touts its reputation to the media and the public and to investors alike.

14. This company Accenture has the obligation to provide the data requested to me and this court "at speed," and furnish all my requests, and even with this delay that it has caused. It should not and does not have any impediment, under the court order, or any adverse constraint, or any adverse objection (be it vague or abstract or relevance - **this company terminated me with discrimination and malice nearly three years ago**) just as it already provided similar data and reports to the EEOC, in its Federal charge which the EEOC evaluated, relative to the demographic of its workforce, of which, Accenture is in direct control over.

15. They are covering up this data by purpose, from the highest level of supervision in the company. They created a system to eliminate U.S. workers, a system involved to cover up discrimination, and covering up their illegal actions and performance inside the company. They have an illegal network to eliminate people trying to speak out, or bringing information to the Department of Justice. They created this system with the direction of the CEO, supervisors, senior managers, HR, business management directors; everybody there is trained in this network. And their job is to eliminate any hired worker who does not follow these illegal abuses against American workers. Under the direction of the CEO, leading managers and directors, supervisors, and all higher-level supporting staff, I was discharged by Accenture, because I spoke up about these abuses.

16. It astonishes me that the lawyers inside of the company with Accenture (in-house counsel) who are supposed to stop this, instead, are not following appropriate and legal procedures, to fairly resolve the issues with workers. Moreover, there is no arbitration of

such matters altogether within this company. They too have covered up these criminal activities on American soil.

17. Accenture and its counsel objected to my Discovery requests and are trying to move away and remove the subject matter of discrimination, and the discriminatory actions they took towards me. What they are doing with these objections is utter non sense, and not relevant to the discrimination done to me. They crossed the law in many counts of discrimination against me, with their network of attorneys, and with executives abusing power, abusing workers, and they are abusing the law as they crossed the law of the Justice department in the U.S., in many locations, and the SEC, and deny the law of the Departments of Justice in a nasty way. They have agreements with all of these agencies; the SEC, The DOL, and they violate all of these agency's regulations, rules and laws.

18. I strongly consider Accenture's objections to Discovery are intended to distract attention away from the crimes performed against me. Accenture hired me with all means and scrutiny at their disposal. They hired me as an experienced and highly qualified worker. After they hired me, in the full awareness of these laws and the agreements with all of these agencies, and knowing all the law of this land, and with signed agreements Accenture has acknowledged with all of these agencies, they did discriminate against me. As a result of this, this case is in Federal Court.

19. There are laws which protects employees and labor in this country, and Accenture knows the land of this land. They still discriminated against me knowing the law of this land. They were not supposed to discriminate against me, and they did.

20. I know the scripted law of this country, made by the lawmakers of the United States. I do not accept that Accenture abuse American workers, and the American working class of people.

21. What I learned when I worked at Accenture is that they are doing this for a long time, that they do not follow the law.

22. I have proof they settled cases with many other workers. They offered them money, and with people not nearly with as strong expertise as me. These other workers also suffered these abuses by Accenture. In this case, the facts and evidence will be furnished in Federal Court.

23. Because the Defendant has failed to comply with the time limit set forth in USC 36a, Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its request, pursuant to U.S.C. 36(a)(4)(B) and 28 U.S.C. 1331

## COUNT 1

### Violation of USC 36a – Discovery Rules

24. Plaintiff realleges paragraphs 1 through 23, as is fully stated herein.

25. Defendant is unlawfully withholding records requested by Plaintiff pursuant to USC 36a.

26. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiff's Discovery requests, and will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## STANDARD OF REVIEW

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's Discovery requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the Plaintiff's Discovery requests; (2) order Defendant to produce, by a date certain, any and all records responsive to Discovery requests, (3) enjoin Defendant from continuing to withhold any and all records responsive to Plaintiff's Discovery requests; (4) grant Plaintiff such other relief as the Court deems just and proper.

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense .... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." The standard for relevance is broad at the discovery stage. *U.S. ex rel Pogue v. Diabetes Treatment Centers of America*, 235 F.R.D. 521, 525 (D.D.C. 2006). A party may move to compel discovery provided that he "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

Dated this Monday of April 29, 2019.

_____
Atila Bayat
Plaintiff Pro Se
329 Windtree Street
Torrington CT 06790
Tel: (718) 813-5628

CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing document was mailed to:

B. Aubrey Smith (admitted *pro hac vice*)

WINSTON & STRAWN LLP

200 PARK AVENUE

NEW YORK, NEW YORK 10166

Its Attorneys


Daniel J. Fazio (admitted pro hac vic)

WINSTON & STRAWN LLP

35 West Wacker Drive

Chicago, Illinois 60601




Signed,

*(signature)*

Atila Bayat

PLAINTIFF'S MOTION FOR ENTRY OF AN ORDER COMPELLING COMPLIANCE WITH PLAINTIFF'S DISCOVERY REQUESTS - 11