

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

B. AUBREY SMITH
Associate
(212) 294-4758
BASmith@winston.com

May 10, 2019

Judge Victor A. Bolden
United States Courthouse
915 Lafayette Boulevard – Suite 417
Bridgeport, Connecticut 06604

Re:   Bayat v. Accenture Corporation LLC, 3:18-cv-01602-VAB

Dear Judge Bolden:

Defendant Accenture LLP ("Accenture" or the "Company"), by and through its undersigned counsel, Winston & Strawn LLP, submits this brief submission on behalf of Accenture as required by the Court's May 1, 2019 Order, which denied Plaintiff Atila Bayat's April 30, 2019 Motion to Compel without prejudice. Accenture respectfully requests that the Court now deny Bayat's Motion to Compel with prejudice, order Bayat to fully respond to Accenture's discovery requests, and set a date for Bayat's deposition.

### I.   Relevant Background

This is a single-plaintiff employment discrimination case (the "Action") brought by Bayat, *pro se*, against Accenture. Bayat was employed with Accenture from February 2015 until September 2016 as a Functional Testing Lead in the Technology group in Accenture's Hartford, Connecticut, office. He filed his Complaint in this Action on September 24, 2018. The Court issued its Initial Scheduling Order on December 20, 2018, and discovery is scheduled to be completed by July 12, 2019. [Dkt. 28]. To date, the parties have exchanged information and documentation responsive to the Court's Initial Discovery Protocols for Employment Cases Alleging Adverse Action. [Dkt. 8]. To date, Accenture has produced 3,243 pages of documents to Bayat pursuant to the Discovery Protocols. Both parties have also propounded discovery requests, and Accenture has issued a notice for Bayat's deposition.

As an initial matter, Bayat has not met his obligations to meet and confer in good faith under Local Rules of Civil Procedure, Rule 37(a). Bayat "propounded" the discovery requests that are the subject of his motion in a document captioned "Plaintiff's Rule 26(a)(1) Initial Disclosures," and in a second document labeled "Plaintiff's Rule 26(a)(1) Initial Disclosures – Part 2." (These requests are attached as Exhibit A and Exhibit B.) Thereafter, Accenture provided its responses to both sets of requests on March 15 and March 28, respectively. (These responses are attached as Exhibit C and Exhibit D.) On April 2, Bayat and Accenture's counsel spoke telephonically regarding the status of discovery, including Bayat's requests as well as Bayat's forthcoming responses to Accenture's pending discovery requests and his forthcoming deposition (discussed below). Accenture's counsel explained the Company's objections, in



particular that most of Bayat's requests were overly broad, sought irrelevant information, and would require the expenditure of extraordinary amounts of time and money, in particular to review of electronically stored information ("ESI") at a point when the Company had already conducted a thorough review of relevant ESI and produced more than 3,000 pages of documents responsive to the Court's Initial Protocols. Accenture's counsel requested additional detail and more specificity from Bayat regarding the documents and information that he sought in his requests. Bayat stated that such detail would be forthcoming; however, Bayat never provided additional information regarding his requests, and instead opted to file his Motion to Compel in violation of Your Honor's Individual Rules and the Local Rules.

## II.     Bayat's Discovery Requests

Consistent with Local Rule 37(b)1, the items of discovery at issue in Bayat's Motion to Compel are categorically addressed below. Accenture requests that the Court deny Bayat's motion to compel on each of these discovery requests for the reasons provided below and provided in its objections that are contained in Exhibits C and D. In sum, these requests (i) are so vague and ambiguous that Accenture cannot reasonably identify responsive documentation, (ii) seek information that is not relevant to the claims and defenses in this Action, and/or (iii) would require an unduly burdensome review of ESI that is not proportional to the needs of this single-plaintiff employment case.

     A.     <u>Total Employee Counts</u> (Bayat's First RFPs, No. 3, 6, 7, 8)

In his first set of requests, Bayat requested documents "related to total employee counts" in multiple cities "of which Rokia Wagner is the TFS [Talent Fulfillment Specialist], and of which Julianne Castellano has oversight," as well as documents "related to total employee counts" on the "Cigna Program," on the "Anthem program," and on the "Express Scripts program." With regard to the Cigna, Anthem, and Express Scripts requests, Bayat specified that he is seeking documents that include "A) Personnel number; B) Country; C) Deployment; D) Reason for Leaving; E) Job Level; F) Organization key location – Regions; Hartford, New York City, Boston; G) Race; H) Age; I) Citizenship Status, US Citizen, H1B, unknown."

As to documents relating to the total employee counts in various regions, the number of employees that work in various Accenture regions bears no relevancy to this Action. Further, Accenture is unable to identify the relevant documents because the request is vague and ambiguous regarding the documents that it seeks. The Accenture offices with which Talent Fulfillment Specialist Rokia Wagner and Senior Manager Julianne Castellani work or service have varied, and the Talent Fulfillment Specialists are not assigned solely based on locations.

Likewise, the requests relating to employee counts for the "Cigna Program," the "Anthem program," and the "Express Scripts program" are vague and ambiguous as to the intended meaning of those terms, including the relevant time period and particular project. Accenture provides a variety of services over many years for its clients. Likewise, the burden of attempting to gather and provide this level of information regarding many individuals would be unduly burdensome and not proportional to the needs of this single-plaintiff employment case. Further, the requests seek detailed information regarding a vast



May 10, 2019
Page 3

number of Accenture personnel, none of whom are parties to this Action or similarly situated to Bayat or have anything whatsoever to do with this litigation.

      B.      <u>Involuntary Separation Documentation</u> (Bayat's First RFPs, No. 1; Bayat's Second RFPs, No. 1)

In his first set of requests, Bayat requested documents "related to involuntary separation from Accenture," including documents that specify "A) the Last day worked; B) Personnel number; C) Country; D) Deployment; E) Reason for Leaving; F) Job Level; G) Organization key location – Regions; Hartford, New York City, Boston; H) Race; I) Age." In his second requests, Bayat propounded an identical request, except limiting the request to any worker with a start date in 2015 who was separated prior to 2017.

These requests would require collection and production of personnel information for a vast number of workers, virtually none of whom would be remotely similarly situated to Bayat or have anything whatsoever to do with the claims and defenses in this litigation. The requests also call for production of information regarding the reasons of the work history, staff level, demographic information, and separations of many non-party workers, which is neither relevant nor proportional to needs of this single-plaintiff employment litigation.

      C.      <u>Department of Justice Litigation</u> (Bayat's First RFPs, No. 5, 9, 10)

In his first set of requests, Bayat requested documents "related to Department of Justice litigation" between "Accenture and Cigna Corporation in January – July 2016," between "Accenture and Anthem Corporation in Connecticut in January – August 2016," and between "Accenture and Express Scripts Corporation in July 2015 – October 2018." Bayat further specified that his requests sought "corporate documents, court pleadings and decisions, correspondence and facsimiles," as to each.

These requests are wholly irrelevant to the claims and defenses at issue in this Action. Bayat has brought employment discrimination and retaliation claims against the Company, alleging that the Company failed to staff him on account of his citizenship and separated him following protected activity. These requests seek any document relating to vague, purported litigations between the Department of Justice and his former employer, without regard to the nature of those litigations or any connection whatsoever to the issues in this Action. Likewise, the requests are vague and ambiguous regarding the particular litigations, and appear to implicate documents that are either publicly available or privileged.

      D.      <u>Account and Sales Managers</u> (Bayat's First RFPs, No. 4)

In his first set of requests, Bayat requested documents "related to the role and status of Accenture Account and Sales Managers in Hartford listed in Part II, # 17-36[1] including: A) Personnel number, B)

---

[1] The reference in Bayat's requests to "Part II, # 17-36" is likewise confusing. Bayat likely intended to refer to a list of purported Account Managers that he included in Part I of his "Initial Disclosures."



Country, C) Deployment, D) Job Level, E) Organization key location – Regions; Hartford, New York City, Boston, F) Race, G) Age, H) Citizenship Status, US Citizen, H1B, unknown."

Accenture cannot identify the relevant individuals and documents because the request is vague and ambiguous as to the phrase "role and status of," and wholly lacks any time frame. Further, this request seeks the staff level, demographic information, and citizenship status of numerous individuals in multiple Accenture locations who had no interaction or involvement with Bayat or any relevance to the claims or defenses at issue in this Action, and none of whom were similarly situated to Bayat. Even if Accenture could identify the workers to which the request refers, complying with the request would be unduly burdensome and not proportional to the needs of this single-plaintiff employment litigation.

    E.    <u>Statements of Work</u> (Bayat's First RFPs, No. 2)

In his first set of requests, Bayat requested all "Statements of Work (SOW's) that Atila Bayat was assigned to, and specifying; A. Resource Roles, B. Hourly Rate, C. Estimated Hours, D. Estimated Total Charges, including, but not limited to, copies of agreements, legal waivers signed, documents, correspondence, reports, and facsimiles."

Although Bayat only preformed services on a limited number of projects while working with Accenture, this request seeks detailed information regarding every worker on each of Bayat's projects, without regard to whether any such workers were similarly situated, including in role or relevant time. The request also seeks virtually any communication regarding any aspect of every project on which Bayat worked. Complying with this request would be unduly burdensome and not proportional to the needs of this Action.

    F.    <u>Contracting and Legal Arrangement Guides</u> (Bayat's Second RFPs, No. 2 and 3)

In his second set of requests, Bayat requested two specific documents, the "Accenture Legal Arrangement Guide" and "Accenture US Contracting Guide." Accenture's counsel requested these purported documents from Accenture, but the Company has not been able to locate any such documents. Accenture's counsel informed Bayat of the same during the April 2 meet and confer.

### III.     Bayat's Failure to Meet His Discovery Obligations

Bayat has wholly failed to meet his discovery obligations. He has neither properly responded to Accenture's discovery requests nor has he confirmed a date for his deposition. With regard to the requests, Accenture propounded Requests for Production of Documents and Interrogatories on Bayat on March 16, 2019. Bayat affirmed during the April 2 meet and confer that his responses to the requests were forthcoming. Accenture's counsel wrote to Bayat on April 19, 24, and 25 regarding the status of his responses, but Bayat failed to provide any such responses or any indication of if or when he intended to provide responses. At 10:00 P.M. on May 9, on the eve of this filing, Bayat provided purported responses to the discovery requests. Based on a preliminary review, his responses are largely non-responsive or reference a forthcoming production from Bayat.



May 10, 2019
Page 5

Likewise, on March 26, Accenture issued a notice to Bayat for his deposition to take place on April 29, 2019. During the April 2 meet and confer, Bayat stated that he would be unavailable on that date but would promptly provide additional dates of availability. Accenture confirmed that additional dates would be forthcoming in a message to Bayat the following day, and again requested his availability in messages on April 19, 23, 24, and 25. To date, Bayat only provided dates on which he is available *for a single hour* or four dates in June, three of which are on Saturdays. Accenture's counsel has repeatedly offered to work with Bayat to find dates of mutual availability, but the limited dates and availability that Bayat has provided are not consistent with his obligation to participate in discovery in this Action.

## IV.  Conclusion

Accenture respectfully requests that the Court deny Bayat's Motion to Compel, order Bayat to respond to fully respond to Accenture's discovery requests by a date certain, and set a date for Bayat's deposition.

Respectfully Submitted,

*B. Aubrey Smith* (signature)

B. Aubrey Smith
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-4758
(212) 294-4700 (fax)
basmith@winston.com

Attorneys for Defendant

cc:   Plaintiff Atila Bayat and all counsel of record