# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

ATILA BAYAT,
   *Plaintiff*,

v.

ACCENTURE CORPORATION LLC,
   *Defendant*.

No. 3:18-cv-1602 (VAB)

## RULING AND ORDER ON DISCOVERY DISPUTES AND AMENDMENT OF PRE-TRIAL SCHEDULE

On May 21, 2019, the Court held a telephonic discovery conference to address several pending discovery matters in this employment discrimination action. Minute Entry, dated May 23, 2019, ECF No. 35.

For the reasons that follow, the Court will permit the discovery sought by Plaintiff, but limit it to ensure it is both relevant and proportional to the needs of the case.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Allegations

Atila Bayat ("Plaintiff") worked for Accenture Corporation LLC ("Defendant" or "Accenture") as a Software Engineering Team Lead from February 2015 to September 2016. *See* Complaint, dated Sept. 24, 2018 ("Compl."), ECF No. 1, at 12, 16. Primarily based in the Hartford, Connecticut office, he allegedly worked on consulting engagements for Accenture both locally and out of state. *Id.* at 12.

Beginning in May 2016, Mr. Bayat allegedly "repeatedly brought to the attention of managers and personnel concerns about H1B,[1] and B1 personnel on US based projects, foreign

---

[1] "Under the Immigration and Nationality Act ("INA"), H–1B visas may be given to aliens who come 'temporarily to the United States to perform services . . . in a specialty occupation.'" *Dandamudi v. Tisch*, 686 F.3d 66, 70 (2d

labor preference versus US workers and placement on its projects to the detriment of US Citizen employees, and the lack of collaboration on the part of management to place US workers on projects in the US, where it does most of its business." *Id.* at 15.

Accenture allegedly responded to these complaints with "indifference, and retaliation in many forms" including: (1) denying him a normal salary review; (2) not placing him on projects conservatively within his range of experience; (3) preventing him from completing "training tracks" that he was in; (4) giving "foreign nationals" preference for those "training tracks"; and (5) terminating him on September 7, 2016. *Id.* at 16.

### B. Procedural History

On September 24, 2018, Mr. Bayat sued Accenture, alleging, *inter alia*, claims under Title VII, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq. See* Compl.

On November 21, 2018, Accenture filed its Answer, denying all substantive allegations of liability under these statutes and asserting affirmative defenses. *See* Answer, dated Nov. 21, 2018, ECF No. 20.

On December 19, 2018, the Court held a telephonic scheduling conference with the parties. Minute Entry, dated Dec. 20, 2018, ECF No. 26.

The following day, December 20, 2018, the Court issued an Initial Scheduling Order, with discovery set to close by July 12, 2019. Initial Scheduling Order, dated Jul. 12, 2019, ECF No. 28.

On April 29, 2019, Mr. Bayat filed a motion to compel discovery. Motion to Compel, dated Apr. 29, 2019, ECF No. 31.

---

Cir. 2012) (quoting 8 U.S.C. § 111(a)(15)(H)(i)(b). A worker who holds an H-1B visa is granted "the right to reside and work in the United States only temporarily," and therefore is considered a "nonimmigrant." *Id.*

On May 1, 2019, the Court denied Mr. Bayat's motion—which did not comply with this Court's Chambers Practices for resolving discovery disputes—without prejudice to renewal after a discovery conference with the Court. Order, dated May 1, 2019, ECF No. 32. Because Mr. Bayat is *pro se*, the Court scheduled a discovery conference and ordered Accenture to file any response by May 10, 2019. *Id.*

On May 10, 2019, Accenture filed a response to Mr. Bayat's discovery requests, requesting that the Court deny Mr. Bayat's requests in full and order him to comply with Accenture's outstanding discovery requests. Response to Motion to Compel, dated May 10, 2019, ECF No. 34.

On May 21, 2019, the Court held a telephonic discovery conference with the parties, indicating that a written ruling limiting the scope of the discovery sought by Mr. Bayat would follow. Minute Entry, dated May 23, 2019, ECF No. 35.

## II. STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action . . . the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1).

But "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016). Indeed, "[a] trial court enjoys wide discretion in its handling of pre-trial discovery . . . ." *Cruden v. Bank of N.Y.*, 957 F.2d 961, 972 (2d Cir. 1992); *see Gen. Houses v.*

*Marloch Mfg. Corp.*, 239 F.2d 510, 514 (2d Cir. 1956) ("The order of examination is at the discretion of the trial judge . . . .").

## III. DISCUSSION

Because Mr. Bayat is *pro* se, his Complaint "must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest*.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006), and collecting cases) (emphasis added in *Triestman*). As a result, Mr. Bayat's claims appear to be two-fold.

First, Mr. Bayat alleges a claim for discrimination on the basis of national origin: that Accenture treated him, a U.S. citizen, differently from employees who were not U.S. citizens and denied him employment opportunities as a result.

Second, Mr. Bayat alleges a claim for retaliation following his complaints about differential treatment on the basis of national origin, including but not limited to his termination.

Under Rule 26 of the Federal Rules of Civil Procedure, Mr. Bayat is entitled to "obtain discovery regarding any nonprivileged matter that is relevant" to his claims "and proportional to the needs of the case . . . ." FED. R. CIV. P. 26(b)(1). Mr. Bayat therefore is entitled to discovery related to his claims of discrimination and retaliation. Following the submissions of both parties and a discovery conference with them, however, Mr. Bayat has not shown, at least at this time, that all of the discovery currently requested is "proportional to the needs of the case.".

Accordingly, at this time, all of his current discovery requests will be limited in time, place, and scope to the following: (1) the time period of Mr. Bayat's employment from hiring to termination; (2) Accenture's Hartford, Connecticut office; and (3) employees holding the same position as Mr. Bayat or engaged in similar work as Mr. Bayat.

As a result, Mr. Bayat's request for documents relating to "Department of Justice litigation" between Accenture and Cigna Corporation, Anthem Corporation, and Express Scripts Corporation, will be denied, as these documents do not currently appear relevant to his individual claims of national origin discrimination and retaliation for complaints of national origin discrimination.

Also, two specific documents that Mr. Bayat has requested—the "Accenture Legal Arrangement Guide" and the "Accenture US Contracting Guide"—should be provided. To the extent that Accenture maintains these documents do not exist, Accenture should provide the appropriate response confirming this fact.

All information and documents required above shall be produced to Mr. Bayat by **July 12, 2019**, to the extent that they have not already been provided. After reviewing those documents, Mr. Bayat may move this Court for a discovery conference concerning further production if he can demonstrate why such discovery would be "proportional to the needs of the case." This motion must be filed by **September 13, 2019**.

In addition, Mr. Bayat must comply with Accenture's outstanding discovery requests as follows:

**First,** Mr. Bayat must respond to Accenture's March 16, 2019 requests for production and interrogatories by **July 12, 2019**.

**Second**, Mr. Bayat must make himself available for a deposition by oral examination on one day, for seven hours, **between July 12, 2019 and September 13, 2019**, in accordance with the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 30.

Finally, in light of the rulings above, the Court amends the parties' pre-trial schedule as follows:

- Fact depositions to be completed by **September 13, 2019**.
- Discovery shall close by **September 13, 2019**.
- The Court will convene a post-discovery telephonic status conference on **September 19, 2019 at 10:00 a.m.** Once Plaintiff and counsel for Defendant are on the line, please call Chambers at (203) 579-5562.
- Dispositive motions are due by **December 6, 2019**.
- Joint trial memorandum is due by **January 10, 2020**, or 30 days after the Court rules on any dispositive motion.
- The parties' trial ready date is **February 10, 2020**, or 30 days after the filing of the joint trial memorandum.

**SO ORDERED** at Bridgeport, Connecticut, this 24th day of May, 2019.

                                                 /s/ Victor A. Bolden  
                                                 Victor A. Bolden  
                                                 United States District Judge