## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| ATILA BAYAT, | |
| Plaintiff, | |
| v. | Civil No. No. 3:18-01602-VAB |
| ACCENTURE CORPORATION LLC, | |
| Defendants. | |
| | August 26, 2019 |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION TO CONSOLIDATE

### Cross-filed in *Walker v. Accenture LLP*, No. 3:19-00888-JAB (D. Conn.)

Atila Bayat, *Plaintiff pro se*
*Prepared with the assistance of counsel*

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS ...................................................................................................................i

TABLE OF AUTHORITIES............................................................................................................ ii

PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO CONSOLIDATE .........................1

     A.     The *Bayat* and *Walker* Actions Satisfy Rule 42(a)'s Requirements.......................1

     B.     Consolidation Is Not Being Sought for an Improper Purpose................................5

     C.     Accenture's Arguments Regarding the Adequacy of Class Representation Are Not Only Premature, They Are Baseless.......................................................................9

CONCLUSION ..............................................................................................................................10

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Ajaka v. Branick Indus.*, 1996 U.S. Dist. LEXIS 2791 (S.D.N.Y. Mar. 7, 1996) ...........................1

*Ashe v. Swenson*, 397 U.S. 436 (1970)...............................................................................4

*Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. 530 (S.D.N.Y. 1987)...........................................4

*BD v. DeBuono*, 193 F.R.D. 117 (S.D.N.Y. 2000)................................................................1, 2, 5

*Bellissimo v. Rana USA LLC*, 2017 U.S. Dist. LEXIS 105400 (S.D.N.Y. July 6, 2017)................9

*Burgis v. N.Y.C. Dep't of Sanitation*, 798 F.3d 63 (2d. Cir. 2015)..................................................8

*Chen-Oster v. Goldman, Sachs & Co*., 325 F.R.D. 55 (S.D.N.Y. 2018) ....................................10

*Chin v. Port Auth.*, 685 F.3d 135 (2d Cir. 2012)....................................................................6

*Cooper v. Fed. Reserve Bank*, 467 U.S. 867 (1984).............................................................5, 10

*Del. Credit Corp. v. Aronoff*, 1992 U.S. Dist. LEXIS 10422 (W.D.N.Y. July 10, 1992) ..............1

*Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121 (2d Cir. 1999) .........................................4

*EEOC v. Fliedermaus, LLC*, 77 F. Supp. 2d 460 (S.D.N.Y. 1999)..............................................2

*Flanagan v. N.Y.C. Dep't of Educ.,* 2016 U.S. Dist. LEXIS 102722 (S.D.N.Y. Aug. 4, 2016) .....2

*Foster v. U.S. Bureau of Prisons*, 57 F. Supp. 3d 32 (D.D.C. 2014) .............................................6

*Gen. Tel. Co. v. Falcon*, 457 U.S. 147 (1982).......................................................................7

*Gomez v. Reinke*, 2008 U.S. Dist. LEXIS 60547 (D. Idaho Aug. 7, 2008)...................................10

*Hazelwood Sch. Dist. v. United States*, 433 U.S. 299 (1977).......................................................8

*Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324 (1977) ......................................................8

*Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229 (2d Cir. 2007)............................................6

*LeGrand v. N.Y.C. Transit Auth.*, 1999 U.S. Dist. LEXIS 8020 (E.D.N.Y. May 26, 1999)...........2

*Magana v. N. Mariana Islands*, 107 F.3d 1436 (9th Cir. 1997)....................................................3

*McArdle v. Arms Acres, Inc.*, 2009 U.S. Dist. LEXIS 30423 (S.D.N.Y. Mar. 31, 2009) ...........1, 4

*Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176 (2d Cir. 1990) .10

*Patterson v. County of Oneida*, 375 F.3d 206 (2d Cir. 2004) ........................................................3

*Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.,* 570 F. Supp. 2d 376 (D. Conn. 2008).......7

*Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590 (2d Cir. 1986).....................................................7

*Shane v. Tokai Bank*, 1997 U.S. Dist. LEXIS 6846 (S.D.N.Y. May 15, 1997) ........................2, 4

*St. Francis College v. Al-Khazraji*, 481 U.S. 604 (1987)...............................................................3

*State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843 (2d Cir. 1981)............................................6

*Tomka v. Seiler Corp.*, 66 F.3d 1295 (2d Cir. 1995)...................................................................9

*United States v. City of N.Y*, 717 F.3d 72 (2d. Cir. 2013) .......................................................8, 9

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011)................................................................7

**Statutes**

42 U.S.C. § 1981a...................................................................................................................10

42 U.S.C. § 2000e–5...............................................................................................................10

**Rules**

Fed. R. Civ. P. 16....................................................................................................................6

Fed. R. Civ. P. 42............................................................................................................*passim*

**Treatises**

WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE............................................................1

### <u>PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO CONSOLIDATE</u>

The *Walker* and *Bayat* cases both challenge Accenture's preference for staffing client projects with South-Asian employees in certain divisions. *See* Mot. at 1-2 (ECF No. 38-1). This discriminatory scheme is implemented by upper management—it spreads throughout Accenture's U.S. operations and does not differ by job site or supervisor. *Id.* To resolve the common factual and legal issues presented by the overlapping claims of Mr. Walker and Mr. Bayat, a single proceeding is warranted. This would promote efficiency, reduce costs, and serve the ends of justice. Consolidation of the two cases will yield efficiencies and serve the interest of justice. Accenture's arguments to the contrary are either irrelevant to consolidation or factually inaccurate.

**A.     The *Bayat* and *Walker* Actions Satisfy Rule 42(a)'s Requirements**

1.     <u>Common Questions of Law and Fact Exist</u>

Accenture ignores the common legal and factual issues identified in Plaintiff's opening brief and instead focuses on superficial differences. *See* Opp'n at 8-12 (ECF No. 42). These do not impact the propriety of consolidation.

Factually, although Accenture notes minor differences between Mr. Walker and Mr. Bayat (Opp'n at 11), "Rule 42(a) does not require that all issues be identical; rather, all that is needed to trigger a court's authority to consolidate is a single common issue of law or fact." *Ajaka v. Branick Indus.*, No. 94-0316, 1996 U.S. Dist. LEXIS 2791, at *5 n.2 (S.D.N.Y. Mar. 7, 1996).[1] Here, the cases share a common factual core—Accenture's pattern or practice of discrimination against non-

---

[1] *Accord McArdle v. Arms Acres, Inc.*, No. 03-05721, 2009 U.S. Dist. LEXIS 30423, at *6 (S.D.N.Y. Mar. 31, 2009) ("Complete symmetry is not a prerequisite for consolidation."); *BD v. DeBuono*, 193 F.R.D. 117, 141 (S.D.N.Y. 2000) ("It is well settled that even one substantial common question of law or fact is enough for commonality under Rule 42(a).") (citing 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2384 at 451 (2d ed. 1994)); *Del. Credit Corp. v. Aronoff*, No. 92-135S, 1992 U.S. Dist. LEXIS 10422, at *19 (W.D.N.Y. July 10, 1992) ("[P]ursuant to Rule 42(a), [a court]  need only find one common question of law or fact to consolidate the actions.").

South Asian applicants and employees, which injured both Mr. Walker and Mr. Bayat. *See* Mot. at 2-7. Courts consistently find that cases challenging multiple applications of the same discriminatory policy are appropriate for consolidation. *See, e.g.*, *EEOC v. Fliedermaus, LLC*, 77 F. Supp. 2d 460, 464-66 (S.D.N.Y. 1999); *Flanagan v. N.Y.C. Dep't of Educ.,* No. 13-8456, 2016 U.S. Dist. LEXIS 102722, at *10, 11 (S.D.N.Y. Aug. 4, 2016); *BD v. DeBuono*, 193 F.R.D. 117, 141 (S.D.N.Y. 2000) (consolidating § 1983 cases challenging separate applications of a uniform policy over a three-year period); *LeGrand v. N.Y.C. Transit Auth*., No. 95-0333, 1999 U.S. Dist. LEXIS 8020, *22-24 (E.D.N.Y. May 26, 1999) (consolidating pregnancy discrimination suits under Section 1983 warranted given common legal issue of existence of same illegal discriminatory practice or policy of defendant); *Shane v. Tokai Bank*, Nos. 96-5187, 96-8351, 1997 U.S. Dist. LEXIS 6846, at *7 (S.D.N.Y. May 15, 1997) ("The crux of both complaints is that it was the policy of the defendant to discriminate against non-Japanese employees in the terms and conditions of employment, including salary and benefits, in opportunity for promotion, in working environment and in termination policy.").

Minor differences regarding the Plaintiffs' supervisors, geographic locations, and the forms of adverse action suffered (Opp'n at 11) are irrelevant because "[i]f it were a prerequisite that each and every fact relating to each plaintiff's injury be identical, as [Accenture] appear[s] to advocate, it is difficult to conceive of any circumstance in which consolidation would be appropriate." *DeBuono*, 193 F.R.D. at 141; *see also Tokai Bank*, 1997 U.S. Dist. LEXIS 6846, at *7 ("While defendant lists differences in . . . each plaintiff's employment and termination, the truth is that those differences are red herring minutiae for purposes of the consolidation issue."). And, regardless, Mr. Bayat and Mr. Walker are more similar than Accenture represents. Both worked as consultants in Accenture's Technology Consulting division providing similar on-site

2

technology support services to Accenture clients. Walker Compl. ¶ 25 (Ex. 1) (ECF No. 38-2); Bayat Compl. 12, 16 (ECF No. 1). Their tenures overlapped (contrary to Accenture's representation) from February to June 2015, and they were terminated one year apart. Walker Compl. ¶ 25; Bayat Compl. 12, 16.

Legally, the cases present common questions regarding whether Accenture's conduct violates federal antidiscrimination laws (Mot. at 9-10) and the supposed differences Accenture identifies are inconsequential. *See* Opp'n 9-10. First, Accenture argues that consolidation is unwarranted because Mr. Bayat's race and national origin discrimination claims arise under Title VII and Mr. Walker's race discrimination claims arise under § 1981, so they present different causes of action. *Id.* But, as noted, § 1981 and Title VII claims apply the same substantive standards. *See* Mot. at 9-10 (citing *Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (noting that the same substantive standards govern Title VII and § 1981 claims)).[2] So both causes of action present the same legal questions, providing the requisite commonality. Moreover, as Accenture well knows, given that it has consented to toll the claim's statute of limitations, Mr. Walker's Title VII claim will be added to the Complaint once the Motion to Consolidate is resolved, which avoids unnecessary repeated amendments. *See* Emails Among Counsel (**Ex. 3**).

Although Accenture notes that Mr. Bayat's retaliation and age discrimination claim present differences (Opp'n at 9-10), these are minor. Rule 42(a) does not require that cases present identical claims to qualify for consolidation. *See, e.g., McArdle*, 2009 U.S. Dist. LEXIS 30423, at

---

[2] And race and national origin discrimination are "'[o]ften, . . . identical as a factual matter," which is the case here. *Magana v. N. Mariana Islands*, 107 F.3d 1436, 1446 (9th Cir. 1997) (second alteration in original) (quoting *St. Francis College v. Al-Khazraji*, 481 U.S. 604, 614 (1987) (Brennan, J., concurring)). For example, discriminating against someone because her ancestors came from the Philippines is national origin discrimination, while discrimination against someone for being Filipino is racial discrimination— the inquiries are identical and a plaintiff can pursue both. *Id.* at 1447.

*6 ("While Defendants are correct that Plaintiffs' claims differ in one significant respect (McArdle has a sexual harassment claim, while Mugavero does not), that difference does not preclude consolidation."); *Tokai Bank*, 1997 U.S. Dist. LEXIS 6846, at *7-9 (consolidating actions where both plaintiffs brought race discrimination claim under similar theories, despite the fact that one plaintiff also had a sex discrimination claim). And Mr. Bayat intends to drop his age discrimination claim if he is allowed to serve as a named plaintiff.

Finally, Accenture's arguments regarding the vitality of Mr. Walker's termination claim (Opp'n at 17-18) do not divest the cases of common questions of law or fact, because they exist regardless. *See infra* Section B (discussing how applicants and employees can jointly challenge a general policy of discrimination or a practice that impacts both applicants and employees).

2.    Consolidation Would Be Efficient

Accenture's argument that consolidation would be inefficient is misplaced. *See* Opp'n at 13-16. Courts have repeatedly held that consolidation inherently promotes efficiency. *See, e.g.*, *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (explaining that courts have consistently taken the view that considerations of judicial economy favor consolidation, which "expedite[s] trial and eliminate[s] unnecessary repetition and confusion") (internal quotations mark omitted); *Ashe v. Swenson*, 397 U.S. 436, 455-57 (1970) (Harlan, J., concurring) ("A pervasive purpose of [the Fed. R. Civ. P.] is to require or encourage the consolidation of related claims in a single lawsuit  because "'in civil cases, the law abhors a multiplicity of suits'"); *Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. 530, 532 (S.D.N.Y. 1987) ("Considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event.").

Despite this well-established policy, Accenture argues that "consolidation is improper when the cases sought to be consolidated are at different stages in the proceedings." Opp'n at 13 (emphasis omitted). Courts, however, deny consolidation on that ground only when one case

"st[ands] to go to trial immediately" and in the other "the bulk of discovery remain[s] to be completed." *DeBuono*, 193 F.R.D. at 142 (collecting cases). That's not the case here; *Bayat* has yet to advance significantly. *See* Mot. at 12.

Accenture's argument also fails to appreciate that Mr. Bayat's claims would not be fully "resolved" more quickly by the individual case. If he cannot join the class action now, then he may still ultimately be a class member because of the limited preclusive effect in these types of suits. *See Cooper v. Fed. Reserve Bank*, 467 U.S. 867, 880 (1984) (holding that pattern-or-practice "judgment is not, however, dispositive of the individual claims [that] . . . have [been] alleged in [a] separate action," because the inquiries are factually distinct). This would raise thorny questions of claim and issue preclusion down the road. Consolidation would prevent the uncertainty and expense that results from piecemeal litigation. So, although consolidation would admittedly delay resolution of *Bayat*, that minor delay doesn't undermine the many benefits of consolidation. *See* Mot. at 10-12.

        3.    <u>Accenture Will Not Suffer Unfair Prejudice</u>

Accenture argues that it will suffer prejudice from consolidation but fails to identify any specific sources of prejudice that it will suffer beyond a delay in resolving the *Bayat* case. Mot. at 16. Any delay, though, would be minor and is outweighed by the benefits of consolidation. *See supra* Section A.2; *see also* Mot. at 10-12. As for the supposed "eleventh hour conversion of the Bayat action into a putative class action," (Opp'n at 16), Accenture does not explain what disadvantage that would impose. Even if Mr. Bayat cannot serve as a named plaintiff, Accenture would still face a class action over the conduct at issue, and Mr. Bayat would be left to adjudicate his claims alone. In sum, no unfair prejudice would result from consolidating the claims.

**B.**    **<u>Consolidation Is Not Being Sought for an Improper Purpose</u>**

Accenture argues that, even if the cases satisfy Rule 42(a), consolidation should be denied

because Plaintiffs are seeking to circumvent the scheduling order in *Bayat*. *See* Opp'n at 17. In support, they note that the deadline to amend Mr. Bayat's pleading has passed and point to supposed deficiencies in Mr. Walker's claims. Accenture is mistaken—neither Mr. Bayat, Mr. Walker, nor counsel seeks consolidation to improperly evade the deadlines in *Bayat*. Plaintiffs have been transparent that the schedule in *Bayat* would need to be extended somewhat. *E.g.*, Mot. at 11. Plaintiffs seek consolidation so that Mr. Bayat, whose claims clearly fall within the *Walker* putative class, can join that action. *See* Mot. at 9-12.

The only significant deadline that has passed in *Bayat* is the deadline to amend pleadings, which can be extended upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). Good cause turns on the diligence of the moving party and prejudice to the non-moving party. *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). Good cause exists here. First, Mr. Bayat has been diligent. If the Court grants consolidation, then Mr. Bayat will amend his complaint to assert pattern-or-practice allegations and serve as a class representative. As an individual pro se plaintiff, neither option was available to him before: a class must be represented by counsel, and pattern-or-practice claims may be advanced only in class actions.[3] Accordingly, Mr. Bayat will be moving to amend at the earliest possible opportunity. Nor can Accenture identify any prejudice that will result from amendment. Accenture will face Mr. Walker's class case no matter the outcome of the consolidation motion. And while consolidation and amendment may extend the schedule and scope of discovery in *Bayat*, this will not cause undue prejudice given the early stage of that case.[4]

---

[3] *Foster v. U.S. Bureau of Prisons*, 57 F. Supp. 3d 32, 35 n.1 (D.D.C. 2014) ("a litigant proceeding pro se cannot represent any other individual" (citing 28 U.S.C. § 1654)); *Chin v. Port Auth.*, 685 F.3d 135, 146-49 (2d Cir. 2012) (holding that private pattern-or-practice claims are limited to class cases).

[4] *See State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (affirming amendment where "no trial date had been set by the court and no motion for summary judgment had yet been filed by the defendants"); *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376,

Accenture proceeds to raise a host of purported deficiencies with Mr. Walker's case. Opp'n at 17-19. But these are arguments appropriate for a motion to dismiss or summary judgment—they have no bearing on the question before the Court: whether to consolidate the cases.

They are also misplaced. First, while Accenture argues that Mr. Walker's terminations claims cannot survive a motion to dismiss, Accenture does not dispute that his hiring claims will remain and could be prosecuted alongside Mr. Bayat's termination claim as a single class. The Supreme Court has recognized that a discrimination class can consist of both applicants and employees when an employer "operate[s] under a general policy of discrimination," or used a procedure that harmed both applicants and employees. *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 159 n.15 (1982*)*.[5] Here, Mr. Walker's failure-to-hire claim and Mr. Bayat's termination claim both result from Accenture's uniform practice of favoring South Asians when staffing U.S. projects. *See* Mot. at 2-3 (describing Accenture's scheme by which it "disproportionately selects South Asian individuals to fill open positions" on projects within the company "and Non-South Asians are correspondingly not hired, not promoted, benched, and terminated involuntarily"). And Mr. Walker's class allegations encompass Mr. Bayat. *See* Walker Compl. ¶¶ 33, 44 (defining class to include non-South Asians who were not hired, promoted, or were terminated). Because of those commonalities, consolidation is warranted.

Second, Accenture argues that Mr. Walker's case cannot survive a motion to dismiss because statistics alone are insufficient to plausibly allege that he was a victim of discrimination.

---

386 (D. Conn. 2008) (granting leave to amend sought after lengthy delay, and explaining that even though new claims will "enlarge the time and expense required for discovery" the defendant "has not shown how this would be unfairly prejudicial").

[5] *Accord Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 597 (2d Cir. 1986); *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 353 (2011) (noting commonality can be demonstrated by proof the employer "operated under a general policy of discrimination" (internal quotation marks omitted)).

*See* Opp'n at 19. The Supreme Court has held, however, that statistics alone can be prima facie proof of a pattern or practice of discrimination. *See Hazelwood Sch. Dist. v. United States*, 433 U.S. 299, 307-08 (1977) ("[G]ross statistical disparities . . . alone may in a proper case constitute prima facie proof of a pattern or practice of discrimination."); *see also United States v. City of N.Y*, 717 F.3d 72, 84 (2d. Cir. 2013) ("Although instances of discrimination against particular employees are relevant to show a policy of intentional discrimination, they are not required; a statistical showing of disparate impact might suffice."). This is particularly appropriate in this case, where there is a "gross statistical disparit[y]" between an employer's workforce and the relevant labor market. *Id.* ("[I]t is ordinarily to be expected that nondiscriminatory hiring practices will in time result in a work force more or less representative of the racial and ethnic composition of the population in the community from which employees are hired." (quoting *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 340 n.20 (1977)) (internal quotation marks omitted)); Walker Compl. ¶¶ 3, 23 ("while roughly 1-2% of the [U.S.] population, and about 12% of the relevant labor market, is South Asian, approximately 70% (or more) of Accenture Consulting and Accenture Technology's United States-based workforce is South Asian").

Moreover, Accenture's argument ignores most of Mr. Walker's complaint—Mr. Walker alleges much more than statistics alone.[6] Accenture's four-pronged discriminatory scheme to favor South Asians over non-South Asians in hiring, staffing, promotion, and termination decisions is discussed in considerable detail. *See* Walker Compl. ¶¶ 12-23 (discussing scheme, which results in a workforce that is 70% South Asian and a managerial-level staff that is almost entirely South

---

[6] Accenture's reliance on *Burgis v. New York City Department of Sanitation*, 798 F.3d 63 (2d. Cir. 2015), is misplaced. In that case, unlike here, the plaintiffs relied "on statistics alone" and "did "not even describe the discriminatory policy, custom, or practice on which their complaint is based." *Id.* at 69, 70 n.8.

Asian). And the complaint alleges that Mr. Walker was a victim of that discriminatory scheme: Accenture never promoted him, then benched him, fired him, and repeatedly rejected him when he reapplied to the company.[7]

**C.    Accenture's Arguments Regarding the Adequacy of Class Representation Are Not Only Premature, They Are Baseless.**

Accenture argues that Mr. Bayat will not be an adequate class representative. Opp'n at 20-23. At the outset, this argument is irrelevant to the question before the Court—consolidation—and is instead a challenge to the propriety of class certification, which is improper before class discovery. *See, e.g.*, *Bellissimo v. Rana USA LLC*, No. 16-03720, 2017 U.S. Dist. LEXIS 105400, at *29-31 (S.D.N.Y. July 6, 2017) (collecting cases and declining to rule on class certification).

Even if properly before the Court, Accenture's arguments lack merit. First, Accenture argues that Mr. Bayat will not serve as an adequate class representative because he has had difficulty prosecuting his claims in federal court as a pro se plaintiff against a multibillion-dollar company represented by sophisticated counsel. If the motion to consolidate is granted, counsel for Mr. Walker will assume representation of Mr. Bayat and will prosecute his case going forward.

Second, Accenture argues that Mr. Bayat did not exhaust a class claim before the EEOC. Opp'n at 21. Mr. Bayat, however, intends to assert a Section 1981 claim in the consolidated complaint. These require no exhaustion. *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1316 (2d Cir. 1995).

Third, Accenture argues that Mr. Bayat is an inadequate because of his individual age discrimination and retaliation claims. Yet if consolidation is granted, Mr. Bayat will drop his age

---

[7] Accenture's argument also misstates the pleading standard in a pattern-or-practice case. "In a pattern-or-practice case . . . the plaintiff need not initially show discrimination against any particular present or prospective employee." *City of N.Y.*, 717 F.3d at 84. Rather, the initial burden is to demonstrate "a pervasive policy of intentional discrimination." *Id.* Since the initial inquiry in a pattern-or-practice case *must* be on the discriminatory policies or practices of the defendant and not on individual decisions, *id.*, Accenture's focus on Mr. Walker's individual allegations is mistaken.

discrimination claim and assert retaliation only on an individual basis—something that courts consistently permit. *See, e.g.*, *Chen-Oster v. Goldman, Sachs & Co.*, 325 F.R.D. 55, 79 (S.D.N.Y. 2018) ("[A]n individual retaliation claim is not disqualifying for a class representative . . . .").[8]

Fourth, Accenture argues that Mr. Bayat is inadequate because he will have a greater financial interest in the case than other class members. This argument, though, is premised entirely on a calculation included in Mr. Bayat's pro se complaint. Opp'n at 23. Mr. Bayat will be entitled to the same types of damages as all other class members (e.g., back pay, compensatory damages, punitive damages). *See, e.g.*, 42 U.S.C. § 2000e–5(g); 42 U.S.C. § 1981a(b). While the exact calculation of damages will be individualized, there is no reason to believe that he stands to recover substantially more than any other class member.

Finally, the unlikely prospect of Mr. Bayat being found an inadequate class representative does not weigh against consolidation, because his individual discrimination claims could still be adjudicated during the class proceeding. *See Cooper*, 467 U.S. at 880 (noting that whether trial "should be expanded to encompass the individual claims of additional class members is a matter of judicial administration that should be decided in the first instance by the District Court"); *see also Gomez v. Reinke*, No. 91-299, 2008 U.S. Dist. LEXIS 60547, at \*23 (D. Idaho Aug. 7, 2008) ("More recent cases have clarified that federal courts have authority to determine the claims of unnamed class members either in the class action or in a subsequent action . . . .").

## <u>CONCLUSION</u>

The cross-filed motions to consolidate *Walker* and *Bayat* should be granted.

---

[8] Accenture's caselaw focuses on unique defenses, rather than unique claims. Opp'n at 22 (citing *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 179-80 (2d Cir. 1990) in which the plaintiff's class claim was "subject to several unique defenses," *id.* at 179).

DATED:    August 26, 2019                    Respectfully submitted,


                                             PLAINTIFF ATILA BAYAT

                                             By: /s/Atila Bayat
                                             *Prepared with the assistance of counsel*